1   Aleksandr Yakovlev
    [print name above]

2   a # 77 421 691
3   [INS "A" Number]

4   116482
    [booking number at jail or other detention facility]

5   Yuba County Jail
6   [name of jail or other detention facility]

7   P.O. Box 1031
    [street address or P.O. Box]

8   Marysville, CA 95901
9   [city, state, and zip code]

**FILED**

JAN 1 8 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

10

11                **IN THE UNITED STATES DISTRICT COURT**

12              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

13

14   Aleksandr Yakovlev          )   No. 2:07-CV-0118-MCE-DAD(HC)
                            ,    )
15              [print name]          )        [leave blank for court to fill in]
                                 )
16              Petitioner,      )
                                 )
17         v.                    )   **PETITION UNDER 28 U.S.C. §2241 FOR**
                                 )   **WRIT OF HABEAS CORPUS BY PERSON**
18   JOHN ASHCROFT, Attorney General; )   **SUBJECT TO POST REMOVAL**
     CHARLES DEMORE, District Director of the )   **DETENTION BY THE IMMIGRATION AND**
19   Immigration and Naturalization Service, San )   **NATURALIZATION SERVICE**
     Francisco, California; UNITED STATES )
20   IMMIGRATION AND NATURALIZATION )
     SERVICE,                    )
21                               )
                                 )
22              Respondents.     )
                                 )

23                         **BACKGROUND**

24   Petitioner   Aleksandr Yakovlev                    [print name] hereby respectfully

25   petitions this Honorable Court for a writ of habeas corpus under 28 U.S.C. §2241 to remedy his/her

26   unlawful detention. In support of this petition, Petitioner alleges as follows:

27   ///

28   ///

1    1.  This is a petition for habeas corpus challenging the unlawful indefinite detention of an alien

2    who has been ordered deported/excluded/removed from the United States but has not been physically

3    deported from the United States.  This action arises under the United States Constitution and the

4    Immigration & Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1101 et seq.  Subject matter

5    jurisdiction is based upon 28 U.S.C. § 2241. This Court may grant relief pursuant to 28 U.S.C. § 2241 et

6    seq. See, e.g., Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001); Ma v.

7    Ashcroft, 257 F.3d 1095 (9th Cir. 2001).

8    2.  Petitioner is being detained by the Immigration and Naturalization Service ("INS"), under the

9    direction of the U.S. Attorney General, John Ashcroft, and the INS District Director for the San Francisco

10   District, Charles DeMore, at the ___Yuba County Jail___ [name of jail or other detention facility] in

11   ___Marysville___ [city], ___California___ [state].  Respondents John

12   Ashcroft and the INS exercise power and authority over aliens on a nationwide basis and are the

13   custodians of Petitioner.  Respondent DeMore is the local INS District Director, who exercises power and

14   authority over aliens on a regional basis, including the control of aliens detained in the ___Yuba___

15   ___County Jail___ [name of jail or other detention facility].

16   3.  On ___February, 2000___ [date], Petitioner was ordered deported/excluded/removed

17   from the United States by an Immigration Judge.  The petitioner [did/did not] appeal this order to the Board

18   of Immigration Appeals.  The Board of Immigration Appeals denied this appeal on

19   ___2003___ [date if known].  Petitioner is now subject to a final order of deportation, exclusion,

20   or removal.

21   4.  According to 8 U.S.C. § 1231(a)(1)(A) the "removal period" runs for ninety days after an order

22   of removal becomes final.  During this ninety-day "removal period", the petitioner is mandatorily detained.

23   See 8 U.S.C. § 1231(a)(2).  After the completion of the "removal period," the petitioner's detention is

24   governed by 8 U.S.C. § 1231(a)(6), which provides for the possibility of release under supervision.

25   ///

26   ///

27   ///

28   ///

2

1    5.  In Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001), the United

2    States Supreme Court examined 8 U.S.C. §1231(a)(6), in light of the due process protections of the United

3    States Constitution and held:

4        ...we read an implicit limitation into the statute [8 U.S.C. § 1231(a)(6)] before us.  In our
         view, the statute, read in light of the constitution's demands, limits an alien's post-removal
5        period detention to a period reasonably necessary to bring about that alien's removal from
         the United States.  It does not permit indefinite detention.
6

7    Zadvydas, 121 S.Ct. at 2498.  The Court stated that  once the statutory removal period of 90 days [8

8    U.S.C. § 1231(a)(2)] has passed, further detention is only authorized if it is "reasonable".  Id., at 2503.

9    The Court clarified that detention is unreasonable if the alien shows there is no reason to believe removal

10   is likely in the reasonably foreseeable future and the government does not rebut that showing.  Id.  In

11   order to grant relief to Petitioner, it is not necessary for this court to find that removal is impossible or

12   unlikely, rather the court need only conclude that there is no "significant likelihood" that removal will

13   occur in the "reasonably foreseeable future".  Id., at 2505.

14       6.  Petitioner last entered the United States in 1997 [year].

15       7.  Petitioner was born in __the former USSR_____ [country].

16   Petitioner was ordered deported to __the Russian Federation__ [country].

17       8.  Petitioner has been held in continuous post-removal order INS custody since August 23,

18   2006. That is a total of ___~5_____ months of post-removal order detention.  In all of that

19   time, Petitioner has received no indication that his/her native country will acquiesce to repatriation in the

20   reasonably foreseeable future.  As a result of that country's recalcitrance, Respondent INS has been unable

21   to obtain travel documents for Petitioner, and is unable to effectuate Petitioner's removal from the United

22   States in the reasonably foreseeable future.  See Ma v. Ashcroft, 257 F.3d 1095 (9th Cir. 2001).

23       9.  Petitioner is not awaiting trial or serving a sentence on any state or federal criminal case.

24       10. It is incumbent upon this court to proceed expeditiously in light of the liberty interest at stake.

25   Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000) ("special solicitude is required because the writ is

26   intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" citing Fay v.

27   Noia, 372 U.S. 491, 500 (1963)).  Petitioner has alleged facts indicating that he/she is entitled to relief, the

28   court should order a return to this application for a writ within three days unless, for good cause, an

3

1    additional twenty days is allowed.  28 U.S.C. § 2243.  This court is directed, by statute, to "summarily hear

2    and determine the facts, and dispose of [a habeas petition] as law and justice require.  28 U.S.C. § 2243.

3                                    **GROUNDS FOR RELIEF**

4    **COUNT ONE**

5         11. Petitioner's indefinite detention under 8 U.S.C. § 1231(a)(6) exceeds Respondent's statutory

6    authority to detain.  Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001).

7    **COUNT TWO**

8         12. Petitioner's indefinite detention violates his substantive and procedural due process rights

9    under the Due Process Clause of the Fifth Amendment to the Constitution.  See, e.g.,  Tam v. INS, 14 F.

10   Supp. 2d 1184 (E.D. Cal. 1998); Kay v. Reno, 94 F. Supp. 2d 546 (M.D. Pa. 2000); In Re: Indefinite

11   Detention Cases, 82 F. Supp. 2d 1098 (C.D. Cal. 2000); Nguyen et.al. v. Fasano, 84 F. Supp. 2d 1099

12   (S.D. Cal. 2000); Phan v. Reno, 56 F. Supp. 2d 1149 (W.D. Wash. 1999); Le v. Greene, 84 F. Supp. 2d

13   1168 (D. Col. 2000).

14   **COUNT THREE**

15        13. Respondent INS's current detention of Petitioner is punitive in nature, and thus constitutes

16   punishment, without due process of law.  Such punishment is constitutionally impermissible.  See

17   Wong Wing v. United States, 163 U.S. 228 (1896).  (Punishment cannot be imposed on a post removal

18   order alien, unless the alien is given full due process protections afforded criminal defendants).

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                            4

1

**PRAYER FOR RELIEF**

2       WHEREFORE, Petitioner prays that the Court grant the petition for a writ of habeas corpus and

3   order the INS to release Petitioner from its custody immediately (under reasonable conditions of

4   supervision).

5       I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge

6   and belief.

7

8                                          Respectfully submitted,

9   Dated:   12/28/06

10

11                                          _____
                                                    [signature]

12

13                                          Aleksandr Yakovev

14                                          _____
                                                  [type or print name]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5