Aleksandr Yakovlev
[print name above]

77421691
[INS "A" Number]

116482
[booking number at jail or other detention facility]

Yuba County Jail
[name of jail or other detention facility]

P.O. Box 1031
[street address or P.O. Box]

Marysville, CA 95901
[city, state, and zip code]

**FILED**

**JAN 1 8 2007**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

Aleksandr Yakovlev
[print name]

,

Petitioner,

v.

JOHN ASHCROFT, Attorney General;
CHARLES DEMORE, District Director of the
Immigration and Naturalization Service, San
Francisco, California; UNITED STATES
IMMIGRATION AND NATURALIZATION
SERVICE,

Respondents.

No. 07 CV 118 MCE DAD HC
[leave blank for court to fill in]

**PETITION UNDER 28 U.S.C. §2241 FOR
WRIT OF HABEAS CORPUS BY PERSON
SUBJECT TO POST REMOVAL
DETENTION BY THE IMMIGRATION AND
NATURALIZATION SERVICE**

**BACKGROUND**

Petitioner Aleksandr Yakovlev _____ [print name] hereby respectfully
petitions this Honorable Court for a writ of habeas corpus under 28 U.S.C. §2241 to remedy his/her
unlawful detention. In support of this petition, Petitioner alleges as follows:

///

///

1       1.   This is a petition for habeas corpus challenging the unlawful indefinite detention of an alien

2    who has been ordered deported/excluded/removed from the United States but has not been physically

3    deported from the United States.  This action arises under the United States Constitution and the

4    Immigration & Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1101 et seq.  Subject matter

5    jurisdiction is based upon 28 U.S.C. § 2241. This Court may grant relief pursuant to 28 U.S.C. § 2241 et

6    seq.  See, e.g., Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001); Ma v.

7    Ashcroft, 257 F.3d 1095 (9th Cir. 2001).

8       2.   Petitioner is being detained by the Immigration and Naturalization Service ("INS"), under the

9    direction of the U.S. Attorney General, John Ashcroft, and the INS District Director for the San Francisco

10    District, Charles DeMore, at the **Yuba County Jail** [name of jail or other detention facility] in

11    **Marysville** [city], **California** [state].  Respondents John

12    Ashcroft and the INS exercise power and authority over aliens on a nationwide basis and are the

13    custodians of Petitioner.  Respondent DeMore is the local INS District Director, who exercises power and

14    authority over aliens on a regional basis, including the control of aliens detained in the **Yuba**

15    **County Jail** [name of jail or other detention facility].

16       3.   On **02/09/2000** [date], Petitioner was ordered deported/(excluded)/removed

17    from the United States by an Immigration Judge.  The petitioner (did)/did not appeal this order to the Board

18    of Immigration Appeals.  The Board of Immigration Appeals denied this appeal on

19    **02/28/2003** [date if known].  Petitioner is now subject to a final order of deportation, exclusion,

20    or removal.

21       4.   According to 8 U.S.C. § 1231(a)(1)(A) the "removal period" runs for ninety days after an order

22    of removal becomes final.  During this ninety-day "removal period", the petitioner is mandatorily detained.

23    See 8 U.S.C. § 1231(a)(2).  After the completion of the "removal period," the petitioner's detention is

24    governed by 8 U.S.C. § 1231(a)(6), which provides for the possibility of release under supervision.

25    ///

26    ///

27    ///

28    ///

2

1    5. In Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001), the United

2  States Supreme Court examined 8 U.S.C. §1231(a)(6), in light of the due process protections of the United

3  States Constitution and held:

4       ...we read an implicit limitation into the statute [8 U.S.C. § 1231(a)(6)] before us. In our
        view, the statute, read in light of the constitution's demands, limits an alien's post-removal
5       period detention to a period reasonably necessary to bring about that alien's removal from
        the United States. It does not permit indefinite detention.
6

7  Zadvydas, 121 S.Ct. at 2498. The Court stated that once the statutory removal period of 90 days [8

8  U.S.C. § 1231(a)(2)] has passed, further detention is only authorized if it is "reasonable". Id., at 2503.

9  The Court clarified that detention is unreasonable if the alien shows there is no reason to believe removal

10  is likely in the reasonably foreseeable future and the government does not rebut that showing. Id. In

11  order to grant relief to Petitioner, it is not necessary for this court to find that removal is impossible or

12  unlikely, rather the court need only conclude that there is no "significant likelihood" that removal will

13  occur in the "reasonably foreseeable future". Id., at 2505.

14     6. Petitioner last entered the United States in 1997 [year].

15     7. Petitioner was born in the former USSR [country].

16  Petitioner was ordered deported to the Russian Federation [country].

17     8. Petitioner has been held in continuous post-removal order INS custody since 08/23/06

18  _____. That is a total of ~5 _____ months of post-removal order detention. In all of that

19  time, Petitioner has received no indication that his/her native country will acquiesce to repatriation in the

20  reasonably foreseeable future. As a result of that country's recalcitrance, Respondent INS has been unable

21  to obtain travel documents for Petitioner, and is unable to effectuate Petitioner's removal from the United

22  States in the reasonably foreseeable future. See Ma v. Ashcroft, 257 F.3d 1095 (9th Cir. 2001).

23     9. Petitioner is not awaiting trial or serving a sentence on any state or federal criminal case.

24     10. It is incumbent upon this court to proceed expeditiously in light of the liberty interest at stake.

25  Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000) ("special solicitude is required because the writ is

26  intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" citing Fay v.

27  Noia, 372 U.S. 491, 500 (1963)). Petitioner has alleged facts indicating that he/she is entitled to relief, the

28  court should order a return to this application for a writ within three days unless, for good cause, an

3

1    additional twenty days is allowed.  28 U.S.C. § 2243.  This court is directed, by statute, to "summarily hear

2    and determine the facts, and dispose of [a habeas petition] as law and justice require.  28 U.S.C. § 2243.

3                                        **GROUNDS FOR RELIEF**

4    **COUNT ONE**

5            11. Petitioner's indefinite detention under 8 U.S.C. § 1231(a)(6) exceeds Respondent's statutory

6    authority to detain.  Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001).

7    **COUNT TWO**

8            12. Petitioner's indefinite detention violates his substantive and procedural due process rights

9    under the Due Process Clause of the Fifth Amendment to the Constitution.  See, e.g.,  Tam v. INS, 14 F.

10   Supp. 2d 1184 (E.D. Cal. 1998); Kay v. Reno, 94 F. Supp. 2d 546 (M.D. Pa. 2000); In Re: Indefinite

11   Detention Cases, 82 F. Supp. 2d 1098 (C.D. Cal. 2000); Nguyen et.al. v. Fasano, 84 F. Supp. 2d 1099

12   (S.D. Cal. 2000); Phan v. Reno, 56 F. Supp. 2d 1149 (W.D. Wash. 1999); Le v. Greene, 84 F. Supp. 2d

13   1168 (D. Col. 2000).

14   **COUNT THREE**

15          13. Respondent INS's current detention of Petitioner is punitive in nature, and thus constitutes

16   punishment, without due process of law.  Such punishment is constitutionally impermissible.  See

17   Wong Wing v. United States, 163 U.S. 228 (1896).  (Punishment cannot be imposed on a post removal

18   order alien, unless the alien is given full due process protections afforded criminal defendants).

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

1

**PRAYER FOR RELIEF**

2    WHEREFORE, Petitioner prays that the Court grant the petition for a writ of habeas corpus and

3 order the INS to release Petitioner from its custody immediately (under reasonable conditions of

4 supervision).

5    I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge

6 and belief.

7

8                                        Respectfully submitted,

9 Dated: 12/31/2006

10

11                                        [signature]

12

13                          Aleksandr Yakovlev

14                                        [type or print name]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# Am I Eligible to be Released under an Order of Supervision?

- You must have a final order of removal.
- The order must be final (i.e. no appeal pending).
- You must have been detained for a period of 90 days or more.
- ICE must believe that you are cooperating in their effort to remove you to your country of origin.
- Removal to your country of origin or any other country is not possible or foreseeable.
- Examples of such countries include:

| | |
|---|---|
| Vietnam | Laos |
| Cambodia | Cuba |
| Somalia | Palestine |
| The former Yugoslavia | The former U.S.S.R. |

# What Should I Do After 90 Days?

- Usually you will receive a Notice of Custody Review sometime before the 90 day period is up. You should promptly complete the forms attached to your Notice of Custody Review and return them to your DHS/ICE officer.
- After a period of 90 days have past, you or your friend or relative should contact your deportation officer regarding supervised release.
- You will need a *sponsor*, a friend or relative with legal status in the United States, willing to write a letter stating that you can stay with him or her upon release.
- Your sponsor should write a letter of support (see example letter) and send it to DHS/ICE to the address we have provided below.

## Instructions for writing a letter of support (for sponsors):

1. Write a letter similar to the letter on page 3 and have the letter notarized.
2. Attach proof of your U.S. citizenship or legal permanent resident status. Acceptable documents include: a copy of your green card (alien registration card), your U.S. passport, your U.S. birth certificate, or your certificate of naturalization.
3. Attach proof of your employment or financial means. Acceptable documents include: a letter of employment from your place of work showing that you are employed and the position in which you are employed, a copy of last year's taxes, or a bank statement.
4. If you have a different phone number where you may be contacted during the day, include that number in your letter.
5. The DHS/ICE officer may call you to ask you some questions about "sponsoring" your family member or friend. You should tell other members of your household that *you* will talk to the DHS/ICE officer about the person and ask them to let you know the name and phone number of the person calling from DHS/ICE if you are not there when the DHS/ICE officer calls.

МУНИЦИПАЛЬНОЕ
УНИТАРНОЕ ПРЕДПРИЯТИЕ
ГОРОДА СОЧИ

В ПОСОЛЬСТВО

354054, г. Сочи, ул. Возрождения, 21
тел, 97-28-13, 97-22-50

« 29 » октября № 2006.

МУП города Сочи «РЭО-17»
354054, г. Сочи,
ул. Возрождения, 21

Aleksandr
Yakovlev
A#77421691

## СПРАВКА

Яковлев Александр Олегович 1971 года рождения, был зарегистрирован по адресу: Россия, г. Сочи, ул. Дорога на Большой Ахун. Дом 22, кв. 1.

Гражданство РФ на Яковлева Александра Олеговича не подтверждено, так как закон о гражданстве РФ требует подтверждение постоянного проживания на территории РФ на период 06.02.1992г. В 1992г-1993г. регистрации у Яковлева Александра Олеговича не было, следовательно, гражданства РФ у Яковлева Александра Олеговича нет.

VIRGINIA R. BLACK, SHERIFF - CORONER
YUBA COUNTY SHERIFF'S DEPARTMENT
215 FIFTH STREET
(PO BOX 1389)
MARYSVILLE, CA 95901

Юрист по доверенности



С.Н. Слета

## TRANSLATION FROM THE ORIGINAL IN RUSSIAN

Russian Federation
MUNICIPAL
UNITARY ENTERPRISE
OF THE CITY OF SOCHI

TO: San Francisco Embassy

354054, Sochi, 21 Vozrozhdenia St.
Phone: 97-28-13, 97-22-50

*October 09, 2006*

MUE of Sochi, "RMO - 17"
35054, Sochi
21 Vozrozhdenia St.

### CERTIFICATE

Mr. Aleksandr Olegovich Yakovlev, born in 1971, had a residency registration at the address: Russia, Sochi, 22 Doroga-na-Bolshoy-Akhun St., apt. 1.

The citizenship of Mr. Aleksandr Olegovich Yakovlev has not been confirmed, because the Russian Federation Law on Citizenship requires confirmation of the fact of permanent residency on the Russian Federation territory on 02/06/1992. During 1992-1993 Mr. Aleksandr Olegovich Yakovlev did not have the residency registration and hence Mr. Aleksandr Olegovich Yakovlev does not have the Russian Federation citizenship.

Sleta S.N. (signature)
Jurist with the Power of Attorney

SEAL: Outer circle: Russia, Krasnodar region,
Sochi, Khosta district, INN 2319007773
Inner circle: Municipal Unitary Enterprise
of the city of Sochi, BA 1022302836643
State Registration # 17087
Inside: Repair and Maintenance Organization - 17

### CERTIFICATION OF ACCURACY

**State of California**          **County of Sacramento**

I, Yuri Popov, certify hereby that, as a professional translator, I am competent to translate documents from Russian into English and that the translation above made from the original in Russian is complete, true and accurate to the best of my abilities.

November 03, 2006

Yuri V. Popov
Member of the Northern California Translators Association
5120 North Sims Way, Fair Oaks, CA 95628
Phone: (916) 863-0809