FILED
FEB 09 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

January 31, 07

Dear Sir or Madam,

Please correct my name and the current names of Respondents:

1) ALEKSANDR YAKOVLEV;
2) ALBERTO GONZALES, U.S. Attorney General;
3) MICHAEL CHERTOFF, Secretary of DHS;
4) NANCY ALCANTAR, Field ~~Director of~~ I.C.E.

Also February 18, 2007 my 180 day period expires and I'll be detained over legal deportation period in the Yuba County Jail without significant likelihood of my removal in the nearest foreseeable future due to my Actless Status.

Sincerely,
Aleksandr Yakovlev

Aleksandr Yakovlev
[print name above]

A# 77 421 691
[INS "A" Number]

116 482
[booking number at jail or other detention facility]

Yuba County Jail
[name of jail or other detention facility]

P.O. Box 1031
[street address or P.O. Box]

Marysville, CA 95901
[city, state, and zip code]

ORIGINAL FILED

JAN 1 8 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Aleksandr Yakovlev,
[print name]

Petitioner,

v.

JOHN ASHCROFT, Attorney General;[1]
CHARLES DEMORE, District Director of the
Immigration and Naturalization Service, San
Francisco, California; UNITED STATES
IMMIGRATION AND NATURALIZATION
SERVICE,

Respondents.

No. 2:07-CV-0118-MCE-DAD(HC)
[leave blank for court to fill in]

PETITION UNDER 28 U.S.C. §2241 FOR
WRIT OF HABEAS CORPUS BY PERSON
SUBJECT TO POST REMOVAL
DETENTION BY THE IMMIGRATION AND
NATURALIZATION SERVICE

## BACKGROUND

Petitioner Aleksandr Yakovlev [print name] hereby respectfully petitions this Honorable Court for a writ of habeas corpus under 28 U.S.C. §2241 to remedy his/her unlawful detention. In support of this petition, Petitioner alleges as follows:

///
///

[1] Current Respondents are Alberto Gonzales, Attorney General; Michael Chertoff, Secretary of DHS; Nancy Alcantar, Field Director of ICE

1. This is a petition for habeas corpus challenging the unlawful indefinite detention of an alien who has been ordered deported/excluded/removed from the United States but has not been physically deported from the United States. This action arises under the United States Constitution and the Immigration & Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1101 et seq. Subject matter jurisdiction is based upon 28 U.S.C. § 2241. This Court may grant relief pursuant to 28 U.S.C. § 2241 et seq. See, e.g., Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001); Ma v. Ashcroft, 257 F.3d 1095 (9th Cir. 2001).

2. Petitioner is being detained by the Immigration and Naturalization Service ("INS"), under the direction of the U.S. Attorney General, John Ashcroft, and the INS District Director for the San Francisco District, Charles DeMore[1], at the Yuba County Jail [name of jail or other detention facility] in Marysville [city], California [state]. Respondents John Ashcroft and the INS[1] exercise power and authority over aliens on a nationwide basis and are the custodians of Petitioner. Respondent DeMore is the local INS District Director,[2] who exercises power and authority over aliens on a regional basis, including the control of aliens detained in the Yuba County Jail [name of jail or other detention facility].

3. On February, 2000 [date], Petitioner was ordered deported/excluded/removed from the United States by an Immigration Judge. The petitioner [did/did not] appeal this order to the Board of Immigration Appeals. The Board of Immigration Appeals denied this appeal on _____ 2003 [date if known]. Petitioner is now subject to a final order of deportation, exclusion, or removal.

4. According to 8 U.S.C. § 1231(a)(1)(A) the "removal period" runs for ninety days after an order of removal becomes final. During this ninety-day "removal period", the petitioner is mandatorily detained. See 8 U.S.C. § 1231(a)(2). After the completion of the "removal period," the petitioner's detention is governed by 8 U.S.C. § 1231(a)(6), which provides for the possibility of release under supervision.

///

[2] Current Respondents are: Alberto Gonzales, Attorney General; Michael Chertoff, Secretary of DHS; Nancy Alcantar, Field director of ICE

2

1    5. In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001), the United
2    States Supreme Court examined 8 U.S.C. §1231(a)(6), in light of the due process protections of the United
3    States Constitution and held:

> ...we read an implicit limitation into the statute [8 U.S.C. § 1231(a)(6)] before us. In our view, the statute, read in light of the constitution's demands, limits an alien's post-removal period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.

<u>Zadvydas</u>, 121 S.Ct. at 2498. The Court stated that once the statutory removal period of 90 days [8 U.S.C. § 1231(a)(2)] has passed, further detention is only authorized if it is "reasonable". <u>Id</u>., at 2503. The Court clarified that detention is unreasonable if the alien shows there is no reason to believe removal is likely in the reasonably foreseeable future and the government does not rebut that showing. <u>Id</u>. In order to grant relief to Petitioner, it is not necessary for this court to find that removal is impossible or unlikely, rather the court need only conclude that there is no "significant likelihood" that removal will occur in the "reasonably foreseeable future". <u>Id</u>., at 2505.

6. Petitioner last entered the United States in __1997__ [year].
7. Petitioner was born in __the former USSR__ [country]. Petitioner was ordered deported to __the Russian Federation__ [country].
8. Petitioner has been held in continuous post-removal order INS custody since __August 23, 2006__. That is a total of __~5__ ~3~ months of post-removal order detention. In all of that time, Petitioner has received no indication that his/her native country will acquiesce to repatriation in the reasonably foreseeable future. As a result of that country's recalcitrance, Respondent INS has been unable to obtain travel documents for Petitioner, and is unable to effectuate Petitioner's removal from the United States in the reasonably foreseeable future. See <u>Ma v. Ashcroft</u>, 257 F.3d 1095 (9th Cir. 2001).
9. Petitioner is not awaiting trial or serving a sentence on any state or federal criminal case.
10. It is incumbent upon this court to proceed expeditiously in light of the liberty interest at stake. <u>Yong v. INS</u>, 208 F.3d 1116, 1119 (9th Cir. 2000) ("special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" citing <u>Fay v. Noia</u>, 372 U.S. 491, 500 (1963)). Petitioner has alleged facts indicating that he/she is entitled to relief, the court should order a return to this application for a writ within three days unless, for good cause, an

3 February 19, 2007 Petitioner's 180 day period expires

3

1  additional twenty days is allowed. 28 U.S.C. § 2243. This court is directed, by statute, to "summarily hear
2  and determine the facts, and dispose of [a habeas petition] as law and justice require. 28 U.S.C. § 2243.

### GROUNDS FOR RELIEF

**COUNT ONE**

11. Petitioner's indefinite detention under 8 U.S.C. § 1231(a)(6) exceeds Respondent's statutory authority to detain. Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S.Ct. 2491 (2001).

**COUNT TWO**

12. Petitioner's indefinite detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution. See, e.g., Tam v. INS, 14 F. Supp. 2d 1184 (E.D. Cal. 1998); Kay v. Reno, 94 F. Supp. 2d 546 (M.D. Pa. 2000); In Re: Indefinite Detention Cases, 82 F. Supp. 2d 1098 (C.D. Cal. 2000); Nguyen et.al. v. Fasano, 84 F. Supp. 2d 1099 (S.D. Cal. 2000); Phan v. Reno, 56 F. Supp. 2d 1149 (W.D. Wash. 1999); Le v. Greene, 84 F. Supp. 2d 1168 (D. Col. 2000).

**COUNT THREE**

13. Respondent INS's[4] current detention of Petitioner is punitive in nature, and thus constitutes punishment, without due process of law. Such punishment is constitutionally impermissible. See Wong Wing v. United States, 163 U.S. 228 (1896). (Punishment cannot be imposed on a post removal order alien, unless the alien is given full due process protections afforded criminal defendants).

///  [4] Currently Respondent is being detained by ICE/DHS
///
///
///
///
///
///
///
///

4

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court grant the petition for a writ of habeas corpus and order the INS to release Petitioner from its custody immediately (under reasonable conditions of supervision).

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Dated: 12/28/06

_____
[signature]

Aleksandr Yakovlev
[type or print name]

5 Currently Respondent's being detained by ICE/DHS

5



U.S. Department of Homeland Security
San Francisco District Office
630 Sansome St.
San Francisco, CA 94111

**U.S. Immigration and Customs Enforcement**

YAKOVLEV, Aleksandr Olegovich                    A77 421 691
In Agency custody

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

*(1) Your removal is imminent once we receive a travel document from your Consulate.*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by *February 19, 2007* jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____          11/15/06
Signature and Title of Deciding Official          Date


MOSER

415-844-5551



**ФМС РОССИИ**
Управление Федеральной миграционной
службы по Краснодарскому краю

Отдел УФМС по Краснодарскому краю
в Центральном районе города Сочи

354000, г. Сочи, ул. Горького, д.60
тел/факс: 64-63-77

«22» 12 2006г. № 15/1-927
на _____ от _____

Гр. Яковлевой Ж.Л.
г. Сочи, ул. Конституции, 34 кв.11

    Ваше заявление о документировании сына паспортом гражданина России рассмотрено.

    Сообщаю, что согласно имеющихся учетов, Ваш сын **ЯКОВЛЕВ Александр Олегович**, 18.12.1971 года рождения, уроженец г. Сочи Краснодарского края, проживал по месту рождения в РСФСР до 11.03.1988 года, откуда выбыл в г. Калининград. Возвратился 24.04.1992 года. Однако не может подтвердить свое постоянное проживание в Российской Федерации на момент 06.02.1992 для признания наличия гражданства России в соответствии с ч.1 ст.13 Закона РФ «О гражданстве РФ» от 28.11.1991 года

    С заявлением о приобретении гражданства Российской Федерации в установленном порядке Яковлев А.О. не обращался.

    Таким образом, выдать документы, удостоверяющие личность гражданина РФ для временного выезда за пределы РФ, не предоставляется возможным.

Заместитель начальника
отдела УФМС России
по Краснодарскому краю
в Центральном районе г. Сочи            С.В. Савицкая

**TRANSLATION FROM THE ORIGINAL IN RUSSIAN**

---

[ RUSSIAN FEDERATION STATE EMBLEM ]

FMS of Russia
Federal Migration Service Administration
of Krasnodar region
FMSA Department of Krasnodar region
in Sochi Central District

354000, city of Sochi, 60 Gorkogo St.
Phone/FAX: 64-63-67
*12/22/2006    # 25/1-927*

**TO: Mrs. Yakovleva J.L.
Sochi, 34 Konstitutsiy St., apt. 11**

---

Your statement concerning the request for issuing a Russian citizen passport for your son has been considered.

I am notifying you hereby that according to the records at our possession, your son **Mr. Yakovlev Aleksandr Olegovich,** born on 12/18/1971 in Sochi of Krasnodar region, was residing the place of his birth on the territory of the Russian Federation until 03/11/1988 and then he left his hometown for Kaliningrad. He got back on 04/24/1992. However he can not confirm the fact of his permanent residency in the Russian Federation as of 02/06/1992 which is required to acknowledge his Russian citizenship pursuant to The Russian Federation Law "About Citizenship" of 11/28/ 1991, Part 1, Article 13.

Mr. Yakovlev A.O. has never filed a statement with request for obtaining Russian citizenship in line with the acting Law.

Hence, it is not possible to issue identification documents confirming his status as a Russian Federation citizen for his temporary trip outside the Russian Federation.

Savitskaya S.V. (signature)
Deputy Chief of The Russian
FMSA Department of Krasnodar region
in Sochi Central District

## CERTIFICATION OF ACCURACY

**State of California**                                                                 **County of Sacramento**

I, Yuri Popov, certify hereby that, as a professional translator, I am competent to translate documents from Russian into English and that the translation above made from the original in Russian is complete, true and accurate to the best of my abilities.

January 12, 2007

*(signature)*
Yuri V. Popov
Member of the Northern California Translators Association
5120 North Sims Way, Fair Oaks, CA 95628
Phone: (916) 863-0809

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ALEKSANDR YAKOULEV
(Case Title)

Plaintiff or Petitioner

v.

JOHN ASHCROFT;
ALBERTO GONZALES;
MICHAEL CHERTOFF;
NANCY ALCANTAR

Defendant or Respondents

I hereby certify that on (Date) 01/31/07, I served a copy

of the attached (Title of Document Served and Filed) HABEAS CORPUS

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

enevelope in the United States Mail at (Location of Mailing) Yuba County Jail

(List Name and Address of Each Defendant or Attorney Served)

1) U.S. Attorney General
   Box 878, Washington D.C. 20044;
2) US. Attorney, United States Courts
   501 "I" Street, Sacramento, CA 95814

I declare under penalty of perjury that the foregoing is true and correct.

(Name of Person Completing Service)
Eddy Zheng